# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Marin L. Kent, ) | Civil Action No. 9:19-cv-01383-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Kevin N. Hennelly, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Re: Defendant Kevin N. Hennelly's Attorney's Fees and Costs

Dear Judge Norton:

Pursuant to the Order issued in the above-captioned matter on February 8, 2021 (ECF No. 65), Defendant Kevin N. Hennelly writes to provide the Court with information detailing the costs and fees associated with litigating Hennelly's Motion to Compel and Plaintiff Martin L. Kent's Motion to Amend the Scheduling Order. The basis for this award is discussed below and in the accompanying declaration and affidavit from Hennelly's counsel at the Duke First Amendment Clinic and Parker Poe Adams & Bernstein LLP, respectively.

Defendant Kevin N. Hennelly argued two discovery motions before the Court on February 2, 2020, in an effort to obtain discovery to which Hennelly was entitled and to prevent undue delay in the resolution of this matter. ECF Nos. 51, 52. The Court has awarded Hennelly relief on both of these motions and is holding Hennelly's request for fees and costs in abeyance. ECF No. 65. Plaintiff Martin L. Kent defended his positions with regard to these motions by knowingly making claims that this Court has previously found to be untenable in the related *McGlothlin v. Hennelly* matter; suggesting that he need not turn over the requested evidence because Hennelly had independently conducted research into the related issues; and failing to make a good faith effort to abide by the scheduling order deadlines in this case. ECF No. 65.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the court has broad discretion to require a party that fails to cooperate with their known discovery obligations to pay a movant's reasonable expenses in seeking that discoverable information. As courts have recognized, "[t]he purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 680 (10th Cir. 2012); *Saxon v. Zirkle*, 97 A.3d 568, 576 (D.C. 2014) (listing cases). Thus, awards of attorney's fees may be imposed where the moving party performed its services on a pro bono basis because they concern the "value of attorney services provided to the party." *Centennial Archaeology*, 688 F.3d at 679. Indeed, the Supreme Court has affirmed that parties, like Hennelly, can recover reasonable attorney's fees even when they have been represented by nonprofit counsel. *See Blum v. Stenson*, 465 U.S. 886, 894–95 (1984). Courts have

also recognized that such parties are entitled to recover reasonable fees for time spent by law student interns on the litigation. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 286 (1989) (allowing compensation for the work of paralegals and law student interns at market rates); *Luciano v. Olsten Corp.*, 109 F.3d 111, 114 (2d Cir. 1997) (awarding fees for law student and paralegal work); *M.C. ex rel. E.C. v. Dep't of Educ.*, No. 12 Civ. 9281, 2013 WL 2403485, at *7 (S.D.N.Y. June 4, 2013) ("[L]aw student interns should be compensated at rates similar to those charged by paralegals in the prevailing market.").

Hennelly now seeks an award of attorney's fees and costs of $21,957.50. The award reflects the reasonable value of the work performed by Hennelly's counsel, as detailed in the affidavit and declaration below. Of note, Hennelly is not seeking compensation for all of the hours expended on litigating these motions. In particular, Hennelly has excluded all the time spent by paralegals, much of the time spent by clinic director Sarah Ludington, and all of the time spent by clinic students who did not directly participate in the hearing. Moreover, Hennelly has excluded all time that the clinical faculty and clinic students spent on pedagogical or learning activities, including general team meetings, classroom discussions, and supervision meetings. For the same reason, Hennelly has excluded time that the clinic students spent conducting background research on procedural and legal issues that are common to most federal litigation. In addition, Hennelly's counsel has carefully reviewed all billing records to eliminate time not expended directly on the relevant motion practice.

Hennelly seeks compensation for his counsel's time, including that of the clinic law student clerks, at reasonable market rates. For attorneys Sarah Ludington, Robert Osborne, and Nicole Ligon, reasonable market rates stand at $325/hour (SL), $325/hour (RO), and $275/hour (NL), respectively. These rates are reasonable and customary for attorneys with commensurate experience defending complex matters pending in this Court.

Case law and evidence of market rates also establish that $100 per hour is a reasonable rate for law student interns. Indeed, many federal courts have upheld awards for similar rates for law students. *See, e.g., M.C. ex rel.*, 2013 WL 2403485, at *7 (concluding that $125 was an appropriate hourly rate for law student interns in the Fordham Law School clinical program); *Froio v. McDonald*, 27 Vet. App. 352, 358–59 (Vet. App. May 29, 2015); Application for Appl. 11–12, Froio, No. 12-3483 (filed June 11, 2014) (approving a fee application submitted by a Harvard Law School clinic seeking an hourly rate of $145 for law students representing a veteran in a disability benefit appeal); *Doe v. Darien Bd. of Educ.*, 2015 WL 8770003, at *6 (D. Conn. Dec. 14, 2015) (finding $100 "a reasonable hourly rate for a legal intern or summer associate"); *Mohammadi v. Nwabuisi*, 2017 WL 4820364, at *4 (W.D. Tex. Oct. 24, 2017) (finding "$125 to be a reasonable and customary rate for paralegals and legal interns"). This Court has likewise recognized that law students may be similarly compensated for their time, having found a rate of $90 per hour reasonable for work performed by a law clerk in 2007. *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. 5*, C.A. No. 8:04-1866-HMH, 2007 WL 1302692, at *5 (D.S.C. May 2, 2007). The rate sought here is also a significant discount from the rates charged for summer associates

and law student clerks in the clinic's market, even though the clinic law student clerks who represented Hennelly have the same or greater level of experience.[1]

This award for $21,957.50 is reasonable in light of the work performed and expertise required in this case. Kent and his colleague, James W. McGlothlin, have sought over $110 million in damages in their matters. Accordingly, Hennelly has retained counsel with expertise litigating in this jurisdiction and in this field of law. The fees requested herein are reasonable and appropriate under the circumstances. For these reasons, as well as those expressed in the corresponding affidavits and Hennelly's relevant filings (ECF Nos. 51, 52), Hennelly asks the Court to grant his request for an award of reasonable attorney's fees and costs.

Respectfully submitted,

s/ Robert C. Osborne III
Robert H. Jordan, Esq. (Fed. ID: 06986)
Email: robertjordan@parkerpoe.com
Robert C. Osborne III (Fed. ID No. 12181)
Email: robertosborne@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Phone: 843-727-2650

Nicole Jean Ligon
Email: ligon@law.duke.edu
Sarah H. Ludington
(admitted *pro hac vice*)
Email: ludington@law.duke.edu
Phone: 919-613-7470
First Amendment Clinic at Duke Law School
210 Science Drive
Durham, North Carolina 27708
Phone: 919-613-7168

*ATTORNEYS FOR DEFENDANT KEVIN N. HENNELLY*

February 19, 2021

---

[1] Both law students included in the fee calculations are in their final semester at Duke Law School, and each has successfully completed a summer associateship at well-regarded law firms charging top rates.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Marin L. Kent, | ) | |
|       Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 9:19-cv-01383-DCN |
| Kevin N. Hennelly, | ) ) ) | |
|       Defendant. | ) ) | |

## DECLARATION OF NICOLE J. LIGON

I, Nicole J. Ligon, declare as follows:

1. I am the Supervising Attorney of the First Amendment Clinic at Duke Law School (the "Clinic"), and one of the attorneys for Defendant Kevin N. Hennelly ("Hennelly") in the above-captioned action.

2. The mission of the Clinic is to protect and advance the freedoms of speech, press, assembly, and petition. The Clinic regularly litigates First Amendment matters on behalf of individuals and groups with First Amendment concerns or claims who cannot afford the assistance of lawyers with specialized First Amendment expertise without significant financial burden. *See* https://law.duke.edu/firstamendment/.

3. The Clinic is comprised of two licensed attorneys—myself and Sarah Ludington—and a handful of Duke Law students who work directly on the Clinic's cases, under our supervision, in order to obtain clinical legal training. Duke Law students receive academic credit for participating in the Clinic.

1

4. In addition to teaching in the Clinic, I teach doctrinal classes in Media Law and Entertainment Law at Duke Law School.

5. Prior to joining the Duke Law faculty in September 2018, I was a litigation associate at Cahill Gordon & Reindel LLP in New York City, where I practiced First Amendment litigation under First Amendment experts Floyd Abrams and Joel Kurtzberg.

6. I frequently contribute expert analysis and commentary to news stories involving First Amendment concerns, and have published, or have forthcoming, over ten articles in law reviews, legal blogs, and newsletters pertaining to First Amendment issues.

7. I am a member in good standing of the bars of South Carolina, North Carolina, New York, and New Jersey.

8. Sarah Ludington is the Director of the First Amendment Clinic and a Clinical Professor of Law at Duke Law School.

9. Following her graduation from Duke Law School in 1992, Sarah Ludington clerked for the United States Court of Appeals for the District of Columbia Circuit and for the United States District Court for the District of Columbia. She subsequently practiced media litigation at Lankenau, Kovner & Kurtz in New York City.

10. Sarah Ludington has taught law school courses since 2001, including First Amendment Law, Legal Writing, Civil Procedure, and Constitutional Law. Before joining the Duke Law faculty in summer 2020, she was a tenured Professor of Law and the Associate Dean for Academic Affairs at Campbell University School of Law.

11. Sarah Ludington is a member in good standing of the bars of North Carolina and the District of Columbia.

12. Duke First Amendment Clinic students have worked on all aspects of this case, including drafting, editing, and finalizing court filings. Because the timing of the relevant motion practice fell in part during the academic winter break, supervisor time related to drafting these particular filings is somewhat higher than in other aspects of this case.

13. The students in the Clinic who argued in this hearing are Duke Law students Hadley Dreibelbis and Philip Golodetz. Both of these students are in their final semester of law school. Certain other students and paralegals worked on preparing these motions as well, but Hennelly is not seeking fees for their work in a mindful effort to prevent duplicative recovery.

14. Hennelly retained the Clinic's services in October 2018 to defend him in the related defamation action being brought by James W. McGlothlin.

15. Plaintiff Martin L. Kent ("Kent") filed this action in May 2019, and the Clinic agreed to defend Hennelly in this litigation as well.

16. The Clinic's representation of Hennelly is, and has always been, on a pro bono basis, with the understanding that the Clinic would seek attorney's fees during the course of litigation if and where appropriate.

17. As part of their class obligations, Clinic students are required to bill and detail their time spent on Clinic matters. The clinical faculty likewise keep contemporaneous records of their time spent on Clinic matters.

18. I have reviewed my billing entries, as well as the timesheets of my Clinic colleagues director Sarah Ludington and law students Hadley Dreibelbis and Philip Golodetz.

19. Excluding the time referenced by the corresponding letter,[1] between November 23, 2020 and January 17, 2020, I have devoted 29.5 hours of attorney time relating to Hennelly's Motion to Compel and Kent's Motion to Amend the Scheduling Order.

20. Between this same time period, and with the same exclusions applying, Sarah Ludington has devoted 9.5 hours to Hennelly's Motion to Compel and Kent's discovery deficiencies.

21. Between this same time period, and with the same exclusions applying, Hadley Dreibelbis has devoted 40 hours to Hennelly's Motion to Compel and Kent's discovery deficiencies.

22. Between this same time period, and with the same exclusions applying, Philip Golodetz has devoted 44.5 hours to Hennelly's Motion to Compel and Kent's discovery deficiencies.

23. The time related to litigating these motions includes, but is not limited to, the following:

    a. Reviewing Kent's discovery responses and evaluating the need for a motion to compel;

    b. Reviewing prior discovery rulings in the related McGlothlin action and comparing with Kent's discovery responses;

    c. Corresponding with opposing counsel to discuss Kent's discovery responses and deposition scheduling via e-mail and telephonic meetings;

---

[1] Hennelly has excluded all time that the clinical faculty and clinic students spent on pedagogical or learning activities, including general team meetings, classroom discussions, and supervision meetings. For the same reason, Hennelly has excluded time that the clinic students spent conducting background research on procedural and legal issues that are common to most federal litigation. Hennelly's counsel has also carefully reviewed all billing records to eliminate time not expended directly on the relevant motion practice.

d. Drafting and reviewing Hennelly's Motion to Compel and supporting memorandum;

   e. Reviewing Kent's Motion to Amend the Scheduling Order;

   f. Drafting and reviewing Hennelly's Response in Opposition to Kent's Motion to Amend;

   g. Drafting Hennelly's Reply in support of his Motion to Compel;

   h. Reviewing Kent's Reply in support of his Motion to Amend;

   i. Preparing for the February 2, 2021 hearing by drafting and mooting oral arguments;

   j. Attending the virtual hearing on the relevant discovery motions.

24. Detailed timesheets for the above-listed counsel, specifically denoting each task performed and time spent, are affixed to this affidavit.[2]

25. In setting its billing rates, the Clinic consulted its co-counsel at Parker Poe Adams & Bernstein LLP, attorneys in its home market, and other law school clinics. Using this data, it has assessed reasonable attorney's rates for Sarah Ludington at $325 per hour; for myself at $275 per hour; and for law student clerks at $100 per hour.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2021
       Durham, NC

*Nicole J. Ligon*

Nicole J. Ligon

---

[2] The Clinic is providing these records to aid the Court in its consideration of the fees and costs being held in abeyance for purposes of these discovery motions. This should not be construed as a waiver of any privilege.

5

# TIMESHEETS FOR DUKE FIRST AMENDMENT CLINIC

## Timesheet for Hadley Dreibelbis

| Date | Description | Hours |
|---|---|---|
| 11/24/20 | Reviewed previous McGlothlin motion to compel and compare responses | 2.5 |
| 12/7/20 | Reviewed email exchange with Kent's counsel | 0.5 |
| 12/8/20 | Attended meeting with Kent's counsel regarding discovery responses | 1 |
| 12/28/20 | Attended meeting with Kent's counsel regarding discovery scheduling | 0.5 |
| 1/2/21 | Reviewed Plaintiff's expert report and amended responses | 1.5 |
| 1/2/21 | Held internal meeting with P. Golodetz and drafted motion to compel section addressing each individual request | 4 |
| 1/3/21 | Revised motion to compel; read Hennelly's amended responses | 1 |
| 1/19/21 | Met with N. Ligon and P. Golodetz regarding oral argument preparation and strategy | 1 |
| 1/22/21 | Read Kent's response to motion to compel | 0.75 |
| 1/22/21 | Reviewed reply to Kent's motion to compel response | 0.75 |
| 1/23/21 | Read prior McGlothlin motion to compel transcript | 2 |
| 1/23/21 | Drafted oral argument, including preparation to defend discoverability of each outstanding insufficient RFA and RFP | 5 |
| 1/25/21 | Participated in first moot hearing | 2 |
| 1/25/21 | Prepared for moot and incorporated feedback into oral argument draft | 3 |
| 1/26/21 | Participated in second moot hearing | 2 |
| 1/28/21 | Participated in third moot hearing | 1 |
| 1/28/21 | Prepared for moot and incorporated feedback into oral argument draft | 1 |
| 1/29/21 | Prepared certification for practice and responded to emails | 0.5 |
| 1/29/21 | Practiced for oral argument | 1.5 |
| 1/31/21 | Prepared for moot and refined oral argument draft with P. Golodetz | 2 |
| 2/1/21 | Participated in final moot hearing | 1 |
| 2/1/21 | Held internal meeting with P. Golodetz to practice oral argument | 1 |
| 2/2/21 | Held internal meeting with P. Golodetz to practice oral argument | 1 |
| 2/2/21 | Practiced for oral argument | 2 |
| 2/2/21 | Attended motion to compel and scheduling hearing followed by debriefing meeting | 1.5 |
| **Total** | | **40** ($100/hr) = $4,000 |

# Timesheet for Philip Golodetz

| Date | Description | Hours |
|---|---|---|
| 11/24/20 | Created excel spreadsheet of insufficient responses | 2 |
| 11/25/20 | Reviewed past discovery responses to compare to current responses | 2 |
| 11/27/20 | Drafted findings for final review of insufficient discovery responses, detailing identical objections from McGlothlin case, Judge Norton's ruling in the motion to compel on these requests, and any differences between the responses between these matters | 2 |
| 12/8/20 | Prepared for discovery call by reviewing email exchange with Kent's counsel | 0.5 |
| 12/8/20 | Participated in discovery call with Kent's counsel | 1 |
| 12/28/20 | Participated in discovery call with Kent's counsel | 0.5 |
| 1/1/21 | Reviewed Kent's amended discovery responses | 0.5 |
| 1/2/21 | Reviewed expert report and previous McGlothlin motion to compel | 1.5 |
| 1/2/21 | Drafted motion to compel section addressing each individual request with H. Dreibelbis | 4 |
| 1/4/21 | Conducted cite-check of motion to compel | 1.5 |
| 1/17/21 | Reviewed motion to compel to prepare for oral arguments | 1 |
| 1/19/21 | Met internally with N. Ligon and H. Dreibelbis to prepare for oral arguments, discussed and outlined general argument strategy | 1 |
| 1/21/21 | Reviewed Kent's motion to compel response, created excel sheet for oral arguments | 2 |
| 1/23/21 | Drafted oral argument, including preparation to defend discoverability of each outstanding insufficient interrogatory | 4 |
| 1/23/21 | Reviewed previous motion to compel transcript | 0.5 |
| 1/25/21 | Mooted oral argument | 2 |
| 1/25/21 | Revised oral argument draft in light of feedback | 3 |
| 1/26/21 | Mooted oral argument | 2 |
| 1/27/21 | Practiced oral argument | 1 |
| 1/28/21 | Mooted oral argument | 1.5 |
| 1/29/21 | Prepared certifications | 0.5 |
| 1/30/21 | Practiced oral argument | 1 |
| 1/31/21 | Prepared to moot oral argument and met internally with H. Dreibelbis re: argument prep | 2 |
| 2/1/21 | Mooted oral argument | 1 |
| 2/1/21 | Met internally with H. Dreibelbis re: argument prep | 1 |
| 2/1/21 | Reviewed materials in advance of oral arguments | 1 |
| 2/2/21 | Practiced oral argument | 2 |
| 2/2/21 | Met internally with H. Dreibelbis re: argument prep | 1 |
| 2/2/21 | Participated in motion to compel hearing and debriefing meeting | 1.5 |
| **Total** | | **44.5** ($100/hr) = $4,450 |

# Timesheet for Nicole Ligon

| Date | Description | Hours |
|---|---|---|
| 11/23/20 | Reviewing Kent's discovery responses | 2 |
| 11/25/20 | Correspondence with Clinic students relating to discovery strategy, providing instructions for review of Kent's responses and comparison with McGlothlin's discovery responses | 0.5 |
| 11/30/20 | Reviewing chart from H. Dreibelbis, P. Golodetz, and K. Hillyer comparing Kent's responses with motion to compel ruling in McGlothlin case | 1.5 |
| 12/1/20 | Drafting email correspondence to Kent's counsel detailing insufficiencies in Kent's discovery responses | 1 |
| 12/7/20 | Preparation for discovery call with Kent's counsel | 0.5 |
| 12/8/20 | Participating in discovery call with Kent's counsel | 0.5 |
| 12/8/20 | Correspondence with Hennelly regarding discovery call | 0.5 |
| 12/8/20 | Reviewing Kent's expert report | 1 |
| 12/28/20 | Preparation for discovery call with Kent's counsel | 0.5 |
| 12/28/20 | Participated in discovery call with Kent's counsel | 0.5 |
| 12/30/20 | Reviewing motion to compel briefings in McGlothlin case | 1 |
| 1/1/21 | Reviewing Kent's supplemental responses and comparing with original responses and with email correspondence and meeting notes detailing insufficiencies | 1 |
| 1/4/21 | Drafting and editing motion to compel and compiling corresponding exhibits | 2.5 |
| 1/5/21 | Reviewing suggested edits and cite check for motion to compel, proofreading, and incorporating edits | 0.75 |
| 1/5/21 | Drafting email correspondence to Kent's counsel detailing insufficiencies in Kent's supplemental discovery responses; sought and reviewed feedback regarding same | 0.5 |
| 1/6/21 | Reviewing Kent's motion to amend scheduling order | 0.25 |
| 1/7/21 | Drafting response in opposition to motion to amend scheduling order | 1 |
| 1/8/21 | Reviewing Kent's reply in support of motion to amend scheduling order; correspondence to Hennelly and students regarding same | 0.5 |
| 1/19/21 | Met with H. Dreibelbis and P. Golodetz to discuss oral argument preparation and provide instruction regarding same | 1 |
| 1/21/21 | Reviewing and marking up Kent's opposition to Hennelly's motion to compel | 1 |
| 1/22/21 | Reviewing transcript for Motion to Compel argument in McGlothlin case | 1 |
| 1/22/21 | Drafting motion to compel reply, incorporating edits and feedback, and finalizing brief and corresponding exhibit | 1.5 |

| 1/25/21 | Moot oral argument for motion to compel (including questioning students during opening argument and providing counterarguments for rebuttal prep) | 2 |
| --- | --- | --- |
| 1/26/21 | Moot oral argument for motion to compel (including questioning students during opening argument and providing counterarguments for rebuttal prep) | 2 |
| 1/27/21 | Draft and practice oral argument for motion in opposition for extension | 1.0 |
| 1/28/21 | Moot oral argument for motion to compel (including questioning students during opening argument and providing counterarguments for rebuttal prep) and motion in opposition for extension | 1.5 |
| 2/1/21 | Moot oral argument for motion to compel (including questioning students during opening argument and providing counterarguments for rebuttal prep) | 1 |
| 2/2/21 | Participating in hearing for motion to compel and extension motion followed by debriefing meeting | 1.5 |
| **Total** | | **29.5** ($275/hr) = $8,112.50 |

### **Timesheet for Sarah Ludington**

| Date | Description | Hours |
| --- | --- | --- |
| 12/8/20 | Participated in discovery call with Kent's counsel | 1 |
| 12/28/20 | Participated in discovery call with Kent's counsel | 0.5 |
| 1/4/21 | Revised draft of MTC | 1.0 |
| 1/22/21 | Edited reply brief addressing Kent's motion to compel response | 0.5 |
| 1/26/21 | Mooted oral argument | 2 |
| 1/28/21 | Mooted oral argument | 1.5 |
| 1/29/21 | Arranged for student admission to D.S.C. and to be certified legal interns by N.C. bar | 0.5 |
| 2/1/21 | Mooted oral argument | 1 |
| 2/2/21 | Attended motion to compel hearing and debriefing meeting | 1.5 |
| **Total** | | **9.5** ($325/hr) = $3,087.50 |

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Marin L. Kent, | ) | Civil Action No. 9:19-cv-01383-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF ROBERT OSBORNE** |
| v. | ) | |
| | ) | |
| Kevin N. Hennelly, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PERSONALLY APPEARED BEFORE ME Robert C. Osborne III, who being first duly sworn, deposes and states as follows:

1. I am an associate in the law firm of Parker Poe Adams & Bernstein LLP and one of the attorneys for Defendant Kevin Hennelly ("Hennelly") in the above-captioned action.

2. In February 2018, Mr. Hennelly retained our firm to defend him in a related lawsuit brought by James W. McGlothlin.

3. In March 2019, after Mr. Hennelly had incurred over $30,860.00 in attorneys' fees and costs (in addition to the fees and costs he incurred defending himself in other jurisdictions), our firm agreed to continue its representation of Mr. Hennelly on a pro bono basis.

4. Plaintiff Martin L. Kent ("Kent") filed this action on May 10, 2019, and our firm also agreed to a pro bono defense of Mr. Hennelly in this matter.

5. Although my representation of Mr. Hennelly is on a pro bono basis, I make contemporaneous entries detailing my time spent on this matter.

6. Between December 8, 2020 and February 16, 2021, I devoted 7.1 hours of attorney time relating to Hennelly's Motion to Compel and Kent's discovery deficiencies.

7. The time relating to Hennelly's Motion to Compel and Kent's discovery deficiencies includes, but is not limited to, the following:

PPAB 6121045v1

a) reviewing Kent's discovery responses and evaluating the need for a motion to compel;

b) preparing for and participating on calls with opposing counsel to discuss Kent's discovery responses;

c) telephone conferences with co-counsel regarding Kent's discovery responses;

d) reviewing Hennelly's Motion to Compel and supporting memorandum;

e) assisting with preparations for the hearing on Hennelly's motion to compel;

f) attending the virtual hearing on Hennelly's motion to compel;

g) telephone conferences with co-counsel following the virtual hearing on Hennelly's motion to compel; and

h) preparing this affidavit.

8. I have been a member in good standing of the South Carolina Bar since November 2015, and I am actively involved in a variety of complex litigation matters in state and federal court.

9. Calculated at a rate of $325.00 per hour, which is consistent with my hourly rate in similar matters, and which is reasonable considering the potential liabilities in this matter, the nature, extent, and difficulty of the legal services rendered, the time and labor necessarily devoted to this case, my professional standing, my law firm's professional standing, and the customary fees charged in South Carolina for similar legal services, the sum of $2,307.50 is a reasonable amount to award as legal fees for my work related to Hennelly's Motion to Compel and Kent's discovery deficiencies.

10. If the Court issues an award of attorneys' fees related to my services in this matter, I respectfully request that this Court order that the award be paid to the Duke University School of Law First Amendment Clinic.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Robert C. Osborne III (Fed. ID No. 12181)


SWORN and subscribed to before me this 19th day of February, 2021.

_____ (L.S.)
Notary Public for State of South Carolina
Notary Name (printed): Kimberly S. Nagy
My Commission Expires: 3/12/23